UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHARLA ROWELL, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-0164 |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, ADMINISTRATOR OF | § | |
| THE HOME DEPOT LONG TERM | § | |
| DISABILITY PLAN, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

Pending before the Court in this Employee Retirement Income Security Act of 1947[1] ("ERISA") case is Defendant's Motion for Leave to File its Counterclaim to Recover Erroneously Paid Benefits and Brief in Support [Doc. # 14] ("Motion"). Plaintiff Sharla Rowell filed a Response [Doc. #16] opposing Defendant's Motion. Under the Court's Docket Control Order [Doc. # 12], the parties were to file their amended pleadings by May 1, 2010. Over a month and a half thereafter, on June 22, 2010, Defendant filed the instant Motion, asking that the deadline for amendments be extended to permit its counterclaim for recovery of $7,109.48 plus interest and attorney's fees. Defendant's Motion is **denied**.

---

[1]     29 U.S.C. § 1001, *et seq.*

Federal Rule of Civil Procedure 16(b) provides the standard for requests to amend a scheduling order's deadline after that deadline has expired. *Marathon Financial Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)).

Defendant's request for leave to file a counterclaim over a month and a half after the deadline for amendments to pleadings, close to the end of the agreed discovery period, and approximately five months after Plaintiff filed this action,[2] fails to establish good cause for modification of the Scheduling Order.

On the first factor, Defendant merely states, unpersuasively, that it was "inadvertent" that Defendant failed to timely move for leave to extend the amendment

---

[2]  Plaintiff filed her Original Complaint in this action on January, 19, 2010. *See* Complaint [Doc. # 1].

to pleadings deadline. Motion, at 3. This conclusory statement does not establish a good reason for the untimely filing.

As to the second "good cause" factor, Defendant argues that the extension is "important in order for MetLife, as a Plan fiduciary, to enforce the terms of the Plan to recover funds that will inure to the benefit of the Plan and the Plan participants." Motion, at 4. This argument is belied by the letter Defendant sent to Plaintiff on March 19, 2009, stating that although it paid Plaintiff some short term disability benefits based on allegedly incorrect information, Defendant was "not going to pursue the return to any overpaid benefits."[3] Post-Appeal Letter, Exh. A to Response, at 3. Defendant fails to explain how the need to recover what it alleges are erroneously paid benefits became important since the time of the March 2009 letter stating it would not pursue repayment. Moreover, it is possible Defendant's representation to Plaintiff that it would not pursue collection from Plaintiff of the benefits may constitute a waiver[4]

---

[3]  Plaintiff asserts that Defendant informed her "verbally via the telephone and twice in writing in both the initial denial letter and in its post-appeal letter" that it would not seek repayment of the benefits paid to Plaintiff. Response, at 3-4. However, Plaintiff provides evidence only of the post-appeal letter representation. *See* Post-Appeal Letter, Exh. A to Response. The Court therefore bases its decision on this letter alone.

[4]  "Waiver is the voluntary or intentional relinquishment of a known right." *Rhorer v. Raytheon Eng's & Constructors*, 181 F.3d 634, 645 (5th Cir. 1999) (internal quotation marks omitted) (holding that plan administrator waived enforcement of an "active work requirement" when it knew an employee had stopped working at the office because of an illness but allowed him to enroll in an optional life insurance plan,
(continued...)

of the claim, or may be a basis for equitably estopping[5] Defendant's collection on an independent claim further diminishing the importance of the amendment. *See Sw. Bell Tel. Co.*, 346 F.3d at 546 (considering the "likely failure of the proposed counterclaims" in holding that the district court did not abuse its discretion in denying an amendment after the deadline).

As to the third factor, Plaintiff argues that she will be prejudiced by Defendant's late filing of the amendment because she was not aware when she instituted this suit that MetLife would seek repayment of the benefits Plaintiff received. Response, at 4. Further, Defendant's pleading originally claimed a "setoff," which might result in a decrease in any recovery Plaintiff could collect if victorious on her claim. Plaintiff's exposure to a setoff is materially different from exposure to an independent potential debt due to Defendant, as Defendant now seeks. *See, e.g.*, *Cooperative Ben. Adm'rs, Inc. v. Ogden*, 367 F.3d 323, 325-25 (5th Cir. 2004) (discussing reimbursement and a set-off as different remedies); BLACK'S LAW DICTIONARY 1404 (8th ed. 1999)

---

[4] (...continued)
accepted his premium payments, and did not return them for more than a year).

[5] "To establish an ERISA-estoppel claim, the plaintiff must establish: (1) a material misrepresentation; (2) reasonable and detrimental reliance upon the representation; and (3) extraordinary circumstances." *Mello v. Sara Lee Corp.*, 431 F.3d 440, 444-45 (5th Cir. 2005).

(defining "setoff" as "a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor; the counterbalancing sum owed by the creditor.")[6]

Finally, it appears that Defendant's Motion raises the need for joinder of new parties[7] and additional discovery on new issues well beyond the administrative record, the basic scope of this suit originally.  Therefore, Plaintiff would need additional time to prepare and serve discovery requests, let alone obtain responses and conduct depositions.  Response, at 4-5.  The character of this entire suit accordingly would be altered.  The availability of a continuance thus does not address the prejudice Plaintiff would suffer from the granting of the deadline extension and permitting the late amendment.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Leave to File its Counterclaim [Doc. # 14] is **DENIED**.

SIGNED at Houston, Texas, this 14th day of **July, 2010.**

Nancy F. Atlas
United States District Judge

---

[6] The Court notes that Defendant's setoff claim is premised on Plaintiff demonstrating that she is entitled to benefits.  *See* Defendant's Answer to Plaintiff's Complaint [Doc. # 7], at 10.

[7] Defendant argues that Hewitt Associates is the record-keeper for their Home Depot Welfare Benefits Plan and was responsible for providing information as to the participants in the Plan and their eligibility.  Plaintiff asserts that Hewitt Associates is a previously undisclosed responsible third party.